UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Brian L. Williams,** | ) | **CASE NO. 1:04 CV 2050** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation (hereafter "R&R") of Magistrate Judge Perelman (Doc. 13), which recommends that petitioner's request for a Writ of Habeas Corpus be denied. For the following reasons, the Report and Recommended Decision is ACCEPTED as modified herein.

## FACTS

On October 12, 2004, petitioner, Brian Williams, filed this *pro se* action pursuant to 28 U.S.C. § 2254, challenging his conviction pursuant to a guilty plea. The Magistrate Judge issued an R&R recommending that this Court deny petitioner's request. Petitioner timely filed

1

objections.

Petitioner and two others were arrested following execution of a search warrant. Petitioner was indicted on two counts of Possession of Cocaine and one count of Having Weapons While Under Disability. Each count carried a firearm specification. Petitioner and his co-defendants were represented by the same attorney. Counsel filed a motion to suppress and moved to dismiss the indictments on the grounds that the search and seizure was not supported by probable cause. Before the trial court heard the motion, petitioner entered a guilty plea to one count of possession with an amended firearm specification and one weapons count. In exchange, the state court dismissed the remaining charges. Petitioner was ultimately sentenced to four years in prison.

Petitioner did not file a direct appeal of his state conviction. On September 13, 2002, however, petitioner filed a "Petition to Vacate Set Aside Judgment of Conviction or Sentence," which the trial court treated as a petition for post-conviction relief pursuant to Ohio Revised Code Section 2953.21. Petitioner raised three claims:

> 1. Trial counsel was ineffective when he failed to proceed on motion to suppress, in exchange for a guilty plead [sic] based on illegal promise that could not be made and charges was [sic] against the manifested [sic] weight of the evidence.
>
> 2. Trial judge abuse[d] its discretion when it accepted Petitioner [sic] guilty plea when the search warrant failed to provide a basis for a finding of the issuing Magistrate that probable cause existed to believe that drugs or other contraband would be located at 14 Zahn Court on the date of issuance of the warrant.
>
> 3. Counsel was ineffective when he failed to proceed on the motion to dismiss when he [k]new the executing officers failed to comply with the statutory and constitutional requirements during execution of said warrant.

The court dismissed the petition, finding that petitioner failed to meet his "initial burden

to submit evidence demonstrating the lack of competent counsel." The court further concluded that the petitioner failed to demonstrate that he suffered prejudice as a result of the alleged ineffectiveness of his counsel.

Petitioner appealed the denial of his post-conviction petition to the state court of appeals. He asserted the same arguments presented in his petition for post-conviction relief. In analyzing the assignments of error, the appellate court treated the first and third assignments of error as challenges to the effectiveness of his trial counsel. The court of appeals held that petitioner "failed to demonstrate the required elements of an ineffective assistance of counsel claim." The court further treated the second assignment of error as a challenge to the voluntary nature of petitioner's plea. Again, the court concluded that petitioner's claim failed. Petitioner filed a motion for reconsideration, which the court of appeals denied.

On September 18, 2003, petitioner appealed to the Ohio Supreme Court, which dismissed petitioner's appeal as not involving a substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On October 12, 2004, petitioner filed this *pro se* petition, asserting the following three grounds for relief:

1. Denial of effective assistance of counsel.

2. Conviction obtained by evidence pursuant to an unlawful arrest.

3. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Petitioner also filed a motion to add a claim of actual innocence, which the Magistrate Judge granted.

3

Subsequently, the Magistrate Judge filed his R&R, recommending that the writ be denied. The Magistrate Judge concluded that petitioner failed to provide adequate evidence of ineffective assistance of counsel and that his challenges to his arrest and search and seizure were precluded by his guilty plea. On February 25, 2005, petitioner filed objections to the R&R. Specifically, petitioner asserts the following objections,

> 1. The Magistrate Judge failed to properly address petitioner's ineffective assistance of counsel claim as it relates to his conflict of interest argument.
>
> 2. The Magistrate Judge failed to consider the transcripts of petitioner's state hearings.
>
> 3. The trial court failed to enter a verdict in its journal entry, thus depriving petitioner of his liberty.
>
> 4. There was insufficient evidence to prove petitioner's guilt beyond a reasonable doubt because his constitutional rights were violated by the lack of probable cause for his arrest and the failure of police to abide by the "knock and announce" rule.

**STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**DISCUSSION**

1. Ineffective Assistance of Counsel

Petitioner argues that he is entitled to a writ because he was denied effective assistance of counsel. Specifically, petitioner claims that, although he filed a motion to suppress, his counsel convinced him to plead guilty before the state court heard the motion. Petitioner also argues that

4

his attorney operated under a conflict of interest because he represented petitioner along with his two co-defendants.[1] According to petitioner, one of the co-defendants paid the attorney's fees in the case. Petitioner claims that the co-defendant is the guilty party and, as a result of the fee arrangement, counsel could not fairly represent petitioner.

The Magistrate Judge rejected petitioner's ineffective assistance of counsel claim. Specifically, he concluded that, in light of petitioner's guilty plea in exchange for a lighter sentence, counsel's failure to argue the suppression motion does not amount to ineffective assistance of counsel. The Magistrate Judge further concluded that, even if counsel's failure to argue the motion fell below a standard of reasonableness, the state court proceedings rendered the error harmless. In support of his conclusion, the Magistrate Judge points out that the state court of appeals concluded that petitioner's failure to produce a copy of the sentencing transcript rendered his claim unavailable. In light of petitioner's failure, the state court was required, under state law, to "presume the validity of the lower court's proceedings." The Magistrate Judge concluded that the court of appeal's conclusion did not amount to "an objectively unreasonable application of law...."

Upon review of the objections filed by petitioner, the Court finds that petitioner did not object to the Magistrate Judge's conclusion on this point. Absent an objection, this Court need only review the R&R for clear error. This Court has done so and, finding none, accepts the Magistrate Judge's conclusion that the failure to argue the suppression motion in exchange for a plea bargain does not rise to the level of ineffective assistance of counsel.

The Court now turns to petitioner's objection that the Magistrate Judge failed to address

---

[1] The three co-defendants are brothers.

his conflict of interest argument.  Upon review of the R&R, the Court agrees with petitioner that this argument was not analyzed by the Magistrate Judge.  Accordingly, this Court will proceed to address the issue.

Petitioner argues that, as a result of his attorney's joint representation of the co-defendants, a conflict of interest existed which deprived him of effective assistance of counsel.  Respondent argues that the claim is procedurally defaulted because petitioner did not assert it in the state courts.

In order to determine whether procedural default precludes this Court from reaching the merits of petitioner's conflict of interest argument, this Court must first determine whether the issue was "fairly presented" to the state courts.  In *Whiting v. Bert*, 395 F.3d 602, 612-13 (6th Cir. 2005), the Sixth Circuit set out four factors to consider when determining whether a claim is "fairly presented" to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Id.* at 613 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

In *Whiting*, the petitioner presented a conflict of interest argument in his habeas petition.  The Sixth Circuit concluded that the claim was not procedurally defaulted despite the fact that the only mention of the argument was set forth in one sentence in a post-conviction motion.  *Id.* at 614-15.  Because the issue was "brought to the attention of the [state] courts," the claim was "fairly presented."  Unlike the petitioner in *Whiting*, petitioner in this case failed to raise the conflict of issue argument in any fashion before the state courts.  Although petitioner argued

6

ineffective assistance of counsel, he did not allege that his claim was based on a purported conflict of interest. Rather, the sole basis for his ineffective assistance of counsel claim consisted of counsel's failure to argue the motion to suppress.

Petitioner asserts that the conflict of interest argument is not procedurally defaulted because his post-conviction petition was before the same trial court judge who, presumably, would have known of the joint representation. However, "nothing in our precedents suggests that the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representation in every case." *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980). As such, any alleged failure on the trial court's part to prevent the joint representation does not excuse petitioner from presenting the conflict of interest argument to the state courts in the first instance.

Having failed to present his conflict of interest argument to the state courts, this Court must determine whether the claim is barred by procedural default. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit set forth the procedure for evaluating whether an argument is procedurally barred by default,

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.*** Second, the court must decide whether the state courts actually enforced the state procedural sanction.*** Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.*** Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

(citations omitted).

Under Ohio law, an ineffective assistance of counsel claim may be brought via a motion

7

for post-conviction relief. O.R.C. § 2953.21. Such a petition, however, must be filed within 180 days after the time for filing a direct appeal expires. O.R.C. § 2953.21. The Court finds that O.R.C. § 2953.21 is a state procedural rule that is applicable to petitioner's claim. In this case, in the event petitioner were to attempt to assert his conflict of interest claim, the claim would be time barred. Thus, petitioner failed to comply with the applicable state procedural rule. Moreover, the Sixth Circuit has expressly held that Ohio courts actually enforce O.R.C. § 2953.21 and that the statute is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See, Bird v. Hurst*, unreported,110 Fed. App. 474, 478 (6th Cir. Aug. 9, 2004). As a result, the *Maupin* test is satisfied and petitioner has procedurally defaulted his conflict of interest argument.

The Court now turns to whether the procedural default is excused based on a showing of either "cause and prejudice" or a fundamental miscarriage of justice.

A. Cause and prejudice

In order to decide whether petitioner was prejudiced by his failure to raise his claim, this Court must "decide whether there is a reasonable probability that the [conflict of interest argument] would have prevailed at the time [petitioner] failed to raise it." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

In *Sullivan*, the Supreme Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 348. If the defendant satisfies the *Sullivan* standard, "prejudice" is presumed because "in joint representation cases of conflicting interests, the evil is in what the attorney finds himself compelled to refrain from

8

doing, not only at trial, but also as to possible pretrial plea negotiations and in the sentencing process." *Whiting*, 395 F.3d at 617. Thus, this Court's inquiry into whether petitioner satisfied the "prejudice" prong of the procedural default bar incorporates the *Sullivan* standard analyzing his underlying claim. *Mickens v. Taylor*, 240 F.3d 348, 357 (4th Cir. 2001).

The Sixth Circuit has clarified that "'[t]he *Sullivan* standard is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect. An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance'.... [T]he standard still requires a choice by counsel, caused by a conflict of interest." *McFarland*, 356 F.3d at 705-06 (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n. 5 (2002)). Additionally, "the possibility of a conflict is insufficient to impugn a criminal conviction." *Sullivan*, 446 U.S. at 350.

This Court applies a two part test to determine whether a conflict of interest adversely affected a defendant's case:

> First, a defendant must demonstrate that counsel could have pursued some plausible alternative defense strategy or tactic. Under this prong, the defendant "need not show that the defense would necessarily have been successful if it had been used, but merely that it possessed sufficient substance to be a viable alternative." Second, the defendant must show that the alternative defense inherently conflicted with the attorney's other loyalties or interests.

*United States v. Grant*, 772 F.2d 909, 1985 WL 13566 *4 (6th Cir. 1985) (quoting *Brien v. United States*, 695 F.2d 10, 15 (1st Cir. 1982)) (citations omitted).

Petitioner's argument appears to be that another co-defendant paid for his defense and once the co-defendant agreed to the plea offer, counsel had no incentive to continue zealously

9

representing petitioner.² It appears that petitioner may be claiming that, as an alternative to proceeding with the plea bargain, counsel could have argued the motion to suppress. Even assuming that this amounts to a "plausible alternative defense strategy" petitioner fails to demonstrate how the strategy "was inherently in conflict with the attorney's other loyalties or interests." There is no suggestion that the decision not to pursue the motion to suppress benefitted any of petitioner's co-defendants. Accordingly, this Court finds that petitioner has not shown that "an actual conflict of interest adversely affected his lawyer's performance," and thus fails to satisfy the "prejudice" prong of the procedural default bar.³

B. Fundamental miscarriage of justice

The Supreme Court has held that, in lieu of establishing cause and prejudice, procedural default can be overcome if a petitioner is able to "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" includes a showing that petitioner is actually innocent of the crime for which he was convicted. The Magistrate Judge granted petitioner's motion to amend his petition to include a claim of actual innocence, but did not address the claim in his R&R. Although petitioner did not explicitly object to the omission of his actual innocence claim, the Court will address this issue as it pertains to procedural default.

---

2     The Court notes that the fact that a co-defendant pays, in whole or in part, for another co-defendant's attorney does not, without more, constitute a *per se* conflict of interest. *See Bucuvalas v. United States*, 98 F.3d 652 (1st Cir. 1996); *Danner v. United States*, 820 F.2d 1166 (11th Cir. 1987).

3     Having concluded that petitioner cannot demonstrate prejudice, the Court need not reach the issue of cause.

10

To prevail, "petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citations omitted). This Court rejects petitioner's actual innocence argument. Petitioner asserts nothing more than conclusory and self-serving allegations in support of his innocence and, in light of petitioner's acceptance of responsibility in his guilty plea, petitioner's assertion of actual innocence is rejected.

For the above stated reasons, this Court finds that petitioner's claim is procedurally defaulted and petitioner has failed to articulate any basis on which to excuse the default.

2.  Failure to Consider Transcripts

Petitioner also objects to the R&R on the grounds that the Magistrate Judge failed to consider the transcripts of the state court proceedings.

Petitioner filed a motion before the Magistrate Judge pursuant to Rules 5(C) and 7 of the Rules Governing Section 2254 Cases. Specifically, petitioner pointed out that respondent failed to attach the exhibits referenced in its answer. In addition, petitioner requested copies of the transcripts related to his case. In response to the motion, respondent provided petitioner with the relevant exhibits, but did not provide copies of the transcripts, presumably because they were untranscribed. Following respondent's submission, the Magistrate Judge mooted the motion. Petitioner objects to the magistrate's failure to consider the transcripts in his R&R.[4] Petitioner did not articulate any particular need for the transcripts, other than "[it] is need [sic] for this Honorable Court to see more clearly the truth in the petitioner's petition."

---

[4] Rule 5(c) of the Rules Governing Section 2254 Cases provides that "[t]he judge may order that... parts of untranscribed recordings be transcribed and furnished."

The Court finds that the Magistrate Judge's failure to consider the transcript is not grounds for granting a writ in this case. As an initial matter, the Court notes that petitioner fails to tie his objection to any claim for relief he asserted in the petition. In his R&R, the Magistrate Judge concluded that counsel's failure to argue the motion to suppress does not amount to ineffective assistance of counsel in this case. In the alternative, he concluded that, even if counsel's failure to argue the motion fell below a standard of reasonableness, the state court proceedings rendered the error harmless. The Magistrate Judge relied, in part, on the trial court's representation that it had conducted the "proper colloquy." He did not, however, review the transcripts in the underlying case. Presumably, it is this analysis to which petitioner objects.

Upon review, the Court finds that the Magistrate Judge's failure to consider the transcripts does not entitle petitioner to relief. This Court accepted the Magistrate Judge's conclusion that counsel's failure to pursue the motion to suppress does not constitute ineffective assistance of counsel. Thus, the alternative grounds articulated by the Magistrate Judge are not necessary for a disposition of this case. As such, petitioner's objection is not well taken.[5]

3. Unlawful Arrest and Unconstitutional Search and Seizure

Petitioner's second and third claims are based on alleged violations of the Fourth and Fourteenth Amendments. In essence, petitioner argues that his conviction was illegally obtained as the result of an unlawful arrest and an unconstitutional search and seizure.

---

[5]  Petitioner also vaguely objects that the state court failed to advise him of his right to appeal and that counsel informed him that he did not have grounds to appeal. The Court finds that these issues are not articulated as grounds for relief in his petition. Moreover, there is nothing indicating that these issues were ever presented to the state court for review. As such, the Court need not reach petitioner's arguments.

The Magistrate Judge concluded that, because petitioner entered into a plea agreement, he is precluded from challenging alleged defects in the search and/or arrest or warrants.

Upon review of the relevant law, the Court finds that petitioner's objection must be rejected.  "[A] guilty plea represents a break in the chain of events which preceded it in the criminal process" and "precludes [a petitioner] from raising independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty plea." *Burrows v. Engle*, 545 F.2d 552, 553 (6th Cir. 1976).  Although a defendant may have felt compelled to accept a plea agreement because of the evidence the State *intended* to introduce against him, the only evidence that the trial court considered in accepting his plea of guilty and proving his guilt beyond a reasonable doubt, came from the defendant himself.  *McMann v. Richardson*, 397 U.S. 759, 767-68 (1970).

Because petitioner pled guilty, the Magistrate Judge correctly concluded that these claims fail.

4.	Journal Entry

Petitioner argues that the trial court failed to enter a verdict in its journal entry.  This argument, however, was not raised in his petition.  This Court does not consider new claims raised in objections to a Magistrate Judge's R&R.  *See United States v. Armstong*, 951 F.2d 626, 630 (5th Cir. 1992); *Borden v. Sec'y of Health and Hum. Services*, 836 F.2d 4, 6 (1st Cir. 1987); *Kirk v. Meyer*, 279 F.Supp.2d 617, 619 (E.D. Pa. 2003).  Accordingly, the Court will not consider petitioner's objection to the trial court's journal entry.

**CERTIFICATE OF APPEALABILITY**

This Court now considers whether to grant a certificate of appealability pursuant to 28

U.S.C. § 2253 which states in relevant part:

\*\*\*

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process by a State court...

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied). The Court finds neither standard is met in this case and declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, together with the reasons set forth in the Magistrate Judge's

14

Report and Recommended Decision, the Petition for Writ of Habeas Corpus is denied.  This Court incorporates the Report and Recommended Decision by reference, as modified, herein.

    IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated:  8/29/05